**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FERGUSON AND KATZMAN PHOTOGRAPHY, INC., a Missouri corporation, <br><br> Plaintiff, <br><br> v. <br><br> KEY FOOD STORES CO-OPERATIVE, INC., a New York Corporation;  SEVEN SEAS GEORGETOWNE LLC, a New York limited liability company; BOGOPA SERVICE CORP., a. New York corporation; FAIRWAY GROUP HOLDINGS CORP., a New York Corporation; VILLAGE SUPERMARKET, INC., a New Jersey company; AMAZON, INC., a Delaware company; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: |

**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**JURY TRIAL DEMANDED**

COMPLAINT

Plaintiff, Ferguson and Katzman, Photography, Inc. ("F&K"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1.      This action arises under the Copyright Act of 1976.

2.      This Court has jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3.      Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred here.

## PARTIES

4.      Plaintiff is an corporation based in St. Louis, Missouri.

5.      Plaintiff is informed and believes and thereon alleges that Defendant KEY FOOD STORES CO-OPERATIVE, INC. is a New York corporation doing business in this District.

6.      Plaintiff is informed and believes and thereon alleges that Defendant SEVEN SEAS GEORGETOWNE, INC. is a New York limited liability company doing business in this District.

7.      Plaintiff is informed and believes and thereon alleges that Defendant BOGOPA SERVICE CORP. is a New York corporation doing business in this District.

8.      Plaintiff is informed and believes and thereon alleges that Defendant FAIRWAY GROUP HOLDINGS CORP. is a New York corporation doing business in this District.

9.      Plaintiff is informed and believes and thereon alleges that Defendant VILLAGE SUPERMARKET, INC. is a New Jersey company doing business in this District.

10.     Plaintiff is informed and believes and thereon alleges that Defendant AMAZON, INC.is a Delaware company doing business in this District.

11.     Defendants Does 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. Their true names, whether corporate, individual or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12.     Plaintiff alleges on information and belief that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

13.     Plaintiff is owned, in part, by the accomplished and critically acclaimed photographer, Mark Katzman ("Katzman"). Throughout his career Katzman has worked on top-tier commercial assignments, personal work, and pro bono assignments. He has also been published in numerous acclaimed publications and selected for museum collections.

14.     Katzman created the photography depicted in **Exhibit A** attached hereto and assigned or otherwise conveyed all rights in that photography, as well as accrued claims relating thereto, to Plaintiff. These works will be called the "Subject Photography" herein.

15.     The Subject Photography is registered with the Copyright Office.

16.     Katzman had previously entered into a limited license with Fairway Market that allowed for the Subject Photography to be used in certain Fairway Market locations for a limited period of time. That license has now expired.

17.     Without Plaintiff's consent, Defendants, and each of them, have displayed and distributed the Subject Photography in numerous locations in their grocery stores and markets for financial benefit, including without limitation at the physical locations reflected in **Exhibit B** hereto. Plaintiff created both the portraits in the foreground and the backgrounds for the uses reflected in **Exhibit B**.

18.     The unauthorized uses set forth in **Exhibit B** are meant to be representative and are not inclusive as to all disputed uses at issue in this case. The claims made herein are as to any and all unauthorized uses by Defendants of the Subject Photography, or in whole or in part, any of the images comprising the Subject Photography.

19.     Plaintiff was not contacted by any of the Defendants before they proceeded with the disputed uses at issue.

## FIRST CLAIM FOR RELIEF
(For Copyright Infringement – Against all Defendants, and Each)

20.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

21.     Plaintiff alleges on information and belief that Defendants, and each of them, accessed the Subject Photography directly from Plaintiff or an intermediary. The identicality of the copying also show access.

22.     Plaintiff alleges on information and belief that Defendants, and each of them, copied, displayed, and distributed the Subject Photography at numerous locations, including without limitation the physical locations and online platforms reflected in **Exhibit B** hereto.

23.     Plaintiff alleges on information and belief that Defendants, and each of them, are displaying and distributing infringing derivative works created from the Subject Photography.

24.     Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

25.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photography in an amount to be established at trial.

26.     Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF
(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

27.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

28.     Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged hereinabove. Such conduct included, without limitation, publishing photographry obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by

Defendants and  publishing and displaying the Subject Photography online and at physical locations.

29.     Plaintiff alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the infringement at issue, and were able to supervise the distribution and display of the Subject Photography.

30.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

31.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photography, in an amount to be established at trial.

32.     Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.


///

///

COMPLAINT

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against all Defendants, and Each, with Respect to Each Claim for Relief:**

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photography, including without limitation an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, the Subject Photography from any physical or online location or platform owned, operated, or controlled by any Defendant.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504 and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees to the extent they are available under the Copyright Act;

f. That Plaintiff be awarded his costs;

g. That Plaintiff be awarded statutory and enhanced damages to the extent allowed by law;

h. That Plaintiff be awarded pre-judgment interest as allowed by law; and

i. That Plaintiff be awarded further legal and equitable relief as deemed proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 22, 2020

By: _/s/ Scott Alan Burroughs_
Scott Alan Burroughs, Esq.
Laura M. Zaharia, Esq.
DONIGER / BURROUGHS
231 Norman Avenue, Suite 413
Brooklyn, New York 11222
(310) 590-1820
scott@donigerlawfirm.com
lzaharia@donigerlawfirm.com
For the Plaintiff

## EXHIBIT A





COMPLAINT





COMPLAINT





COMPLAINT







COMPLAINT







COMPLAINT

## EXHIBIT B

### KEY FOOD STORES CO-OP / SEVEN SEAS









COMPLAINT

## BOGOPA SERVICE CORP.







## **FAIRWAY GROUP HOLDINGS**









## VILLAGE SUPERMARKET, INC.







COMPLAINT

# AMAZON, INC.





COMPLAINT



COMPLAINT