USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: July 14, 2021

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
FERGUSON & KATZMANN PHOTOGRAPHY,   :
INC.,                              :
                   Plaintiff,      :    20 Civ. 8854 (VM)
                                   :
      - against -                  :    DECISION AND ORDER
                                   :
KEY FOOD STORES CO-OPERATIVE, INC.,:
et al.,                            :
                   Defendants.     :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiff Ferguson & Katzmann Photography, Inc. ("Plaintiff") commenced this action against defendants Key Food Stores Co-operative, Inc., Seven Seas Georgetowne LLC, Bogopa Service Corp., Fairway Group Holdings Corp. ("Fairway"), Village Supermarket Inc. ("VSM"), Amazon, Inc., and Does 1-10 on October 22, 2020 for copyright infringement stemming from the defendants' unauthorized display of photographs in grocery stores. (See Dkt. No. 1.) Prior to Plaintiff's commencement of this action, Old Market Group Holdings Corp., formerly known as Fairway, filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York on January 23, 2020 (the "Bankruptcy Action"). See In re Old Mkt. Grp. Holdings Corp., et al., No. 20 BR 10161 (S.D.N.Y. filed Jan. 23, 2020). According to VSM, and as relevant here, Fairway sold the store displays containing the photographs at issue to VSM and other

1

purchasers as part of the bankruptcy proceeding. (Dkt. No. 42, at 11-12.) On May 7, 2021, following an order in the Bankruptcy Action, the parties entered a stipulation dismissing Fairway as a defendant in the instant suit.[1] (See Dkt. No. 40; see also Order Granting Motion of Plan Administrator to Enforce the Plan Injunction and Confirmation Order, In re Old Mkt. Grp. Holdings Corp., et al., No. 20 BR 10161 (S.D.N.Y. Apr. 29, 2021), ECF No. 1044.)

Now pending before the Court is a premotion letter, which the Court construes as a motion for a stay, filed by VSM on June 25, 2021. (See "Motion," Dkt. No. 42.) Plaintiff filed a letter opposing the Motion. (See "Opposition," Dkt. No. 41.) For the reasons set forth below, the motion for a stay is GRANTED.

## I. LEGAL STANDARD

A court's power to stay is incidental to "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 76 (2d Cir. 1997) (citations omitted). "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997). And in

---

[1] Earlier, defendant Key Food Stores Co-operative, Inc. was voluntarily dismissed as a defendant in this action as well. (See Dkt. No. 11.)

support of such a motion, the movant must "make out a clear case of hardship or inequity" should the stay be denied. Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co., 339 F.2d 440, 442 (2d Cir. 1964). "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000). The decision whether to issue a stay is "firmly within a district court's discretion." See LaSala v. Needham & Co., 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (internal quotation marks and citations omitted).

## II. DISCUSSION

VSM argues that a stay is warranted because it has moved for an order in the Bankruptcy Action finding that it owns the displays "free and clear" such that their use is not a copyright violation. (Motion at 1.) VSM contends that such an order in the Bankruptcy Action would be dispositive of the issues in the instant litigation, and therefore, staying the matter pending an order from the Bankruptcy Court would be judicially and financially efficient to avoid the costs of potentially unnecessary discovery.

Plaintiff argues that the issue of whether VSM owns the physical photographs that were displayed in store has no bearing on its claims. Plaintiff argues that the license it

3

had given to Fairway for the photographs were never transferred to VSM. Plaintiff notes that Fairway had a right to display the photographs as store displays, but Fairway could not transfer its license to display to others. Plaintiff argues that Fairway did not have any other property interest in the photographs. Plaintiff further states that any license Fairway had had expired by the time the photographs were sold to VSM.

The Court is persuaded that a stay is appropriate. Plaintiff argues that an order in the Bankruptcy Action finding that VSM owned the physical photograph displays free and clear does not necessarily affect Plaintiff's copyright-infringement claims. Fairway could have transferred the photographs without also transfering the license to use the displays. Plaintiff's point is well taken. It is true, as Plaintiff contends, that "[t]ransfer of ownership of any material object, including the copy or phonorecord in which the work is first fixed, does not of itself convey any rights in the copyrighted work embodied in the object." 17 U.S.C. § 202.

However, while there are outstanding questions as to what intellectual-property rights Fairway did and could transfer to VSM during the sale of the displays at issue, these issues have been briefed before the Bankruptcy Court.

4

(See Motion at 15-17; see also Objection to Motion to Enforce Sale Order Against Continuation of the Katzman Action, In re Old Mkt. Grp. Holdings Corp., et al., No. 20 BR 10161 (S.D.N.Y. July 1, 2021), ECF No. 1090.) For this reason, and because the sale purportedly took place as part of Fairway's bankruptcy proceeding, the Court finds it more expedient to stay the present matter and allow the Bankruptcy Court to consider these issues in the first instance.

A stay would also conserve judicial and financial resources for both parties, as an order from the Bankruptcy Court may ultimately be dispositive of many, if not all, of the issues relevant to the instant suit. For these reasons, a stay is appropriate pending a decision from the Bankruptcy Court on VSM's motion. See Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n, 356 F. Supp. 3d 287, 299 (S.D.N.Y. 2018) ("Stays are also appropriate 'while awaiting the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action that is to be stayed.' (quoting Catskill Mountains Chapter of Trout Unlimited, Inc. v. EPA, 630 F. Supp. 2d 295, 305 (S.D.N.Y. 2009)); see also Ritchie Capital Mgmt., L.L.C. v. Jeffries, 849 F. Supp. 2d 881, 889-90 (D. Minn. 2012) (staying a civil action in district court pending resolution of duplicative bankruptcy proceedings).

Nor would a stay prejudice Plaintiff. While a stay does delay the course of this litigation, the Court notes that the Bankruptcy Court appears to have held a hearing on VSM's motion in the Bankruptcy Action on July 8, 2021. (See Notice of Agenda of Matters Scheduled for Telephonic Hearing on July 8, 2021 at 11:00 A.M., In re Old Mkt. Grp. Holdings Corp., et al., No. 20 BR 10161 (S.D.N.Y. July 7, 2021), ECF No. 1104.) Consequently, some action on VSM's motion before the Bankruptcy Court has been taken. Any delay caused by the stay is therefore outweighed by the efficiency and resource-conservation considerations discussed above.

### III. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion so deemed by the Court as filed by defendant Village Supermarket Inc. for a stay of this action (Dkt. No. 42) is **GRANTED**. The parties are directed to inform the Court within three days of issuance of the relevant decision from the Bankruptcy Court.

**SO ORDERED.**

Dated: New York, New York
14 July 2021

_____
Victor Marrero
U.S.D.J.